IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE HARLAN,** | : | |
| *individually and on behalf of all* | : | |
| *others similarly situated*, | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **TRANSWORLD SYSTEMS, INC., d/b/a,** | : | No. 13-5882 |
| **NORTH SHORE AGENCY, INC.** | : | |
| *Defendant*. | : | |

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

**AND NOW**, this 8th day of September, 2014, upon consideration of Ms. Harlan's uncontested Motion for Preliminary Approval of Class Settlement (Docket No. 25) and Ms. Harlan's September 4, 2014 Status Report containing the parties' Notice of Proposed Class Action Settlement (Docket No. 27); following a hearing on September 2, 2014; and consistent with the Memorandum accompanying this Order, **the Court HEREBY ORDERS and DECREES that the Motion is GRANTED as follows:**

1. Denise Harlan, on behalf of herself and a putative class, and Transworld Systems, Inc., also known as North Shore Agency, Inc. ("North Shore"), have reached a Settlement Agreement (Docket No. 25-3) regarding North Shore's alleged violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

2. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, North Shore shall promptly provide written notice of the proposed class settlement to the appropriate state and federal officials.

1

3. The Court makes no determination concerning the manageability of this action as a class action if it were to go to trial. *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 306 (3d Cir. 2005).

4. The Settlement Agreement defines the Settlement Class as

> All persons with addresses in Philadelphia, Pennsylvania, who were sent an initial collection letter from NSA in which the statutory 1692g validation notice was printed on the reverse of the letter, in uppercase and lowercase type, among paragraphs which were not indented or spaced, and placed along other copy that was capitalized, and the phrase "NOTICE-SEE REVERSE SIDE FOR IMPORTANT INFORMATION" in all capital letters was on the front of the letter where the underlying debt was incurred primarily for personal, family or household use, where the letter bears a date from October 12, 2012 to October 4, 2013.

5. Under the Settlement Agreement, each of the 222 Class members will receive a check for $100 from a $22,200 settlement fund. Any remaining amount will be awarded *cy pres* to Clarifi, a nonprofit organization dedicated to financial literacy in the Delaware Valley.[1] Without reduction of the aforementioned settlement fund, as Class Representative, Denise Harlan will receive an additional $2,000: $1,000 as an individual settlement sum and $1,000 as an incentive payment. North Shore has also agreed to revise the Subject Letter to make the disputed notice of validation rights more prominent.

6. Under the Settlement Agreement, North Shore agrees to pay Counsel, Cary L. Flitter, Theodore E. Lorenz, and Andrew M. Milz, of Flitter Lorenz, P.C., $44,450 in attorneys' fees and costs. North Shore also agrees to pay the costs of notice to the Class and administration of the Settlement Amount. Again, such amount shall not reduce the settlement fund.

7. In exchange, Ms. Harlan and the Class will release North Shore from liability for

> any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs,

---

[1] Clarifi, 1608 Walnut St., 10th Floor, Philadelphia, PA 19103; http://www.clarifi.org.

>expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law, common law, or any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiff or any Pennsylvania Class Member has arising out of the Subject Letter, including, but not limited to . . . [c]laims arising out of the content of the Subject Letter.

8. For the reasons described in the Memorandum accompanying this Order, the Court preliminarily certifies the Settlement Class as satisfying the prerequisites of Federal Rule of Civil Procedure 23, and, in particular, Rule 23(b)(3).

9. Denise Harlan is preliminarily appointed Class Representative and the law firm of Flitter Lorenz, P.C., is preliminarily appointed Class Counsel.

10. For the reasons described in the Memorandum accompanying this Order, the Court preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, and in the best interest of the Class.

11. The Court hereby approves the proposed notice plan, attached to Ms. Harlan's September 4, 2014 Status Report (Docket No. 27), with the following instructions. Because North Shore will mail "individual notice to all members who can be identified through reasonable effort," the Court finds that, in this case, first class mailing of the notices comports with due process and Federal Rule of Civil Procedure 23(c)(2) as "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2).

   a. First Class, Inc. ("First Class") of Chicago, IL, is appointed Class Action Administrator.

   b. First Class shall mail completed notices to members of the certified Settlement Class by **October 10, 2014**. This first class mail notice shall be in

       substantially the same format as that proposed with Ms. Harlan's September 4, 2014 Status Report (Docket No. 27).

  c. Any Class member who desires to be **excluded** from the Settlement Class must send a written request for exclusion to First Class with a postmark date **no later than November 21, 2014**. To be effective, the written request for exclusion must state the Class member's full name, address, telephone number, and email address (if available), and the fact that the Class member wishes to be excluded. Any Class member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement.

  d. Any Class member who intends to object to the fairness of the settlement must file a written objection with the Clerk of Court **no later than November 21, 2014**. Further, any such Class member must, within the same time period, provide a copy of the written objection to Class counsel and counsel for North Shore. In any written objection, the Class member must set forth his or her full name, address, telephone number, and email address (if available), along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Any Class member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

12.    Class counsel is permitted to file a motion for attorneys' fees, costs, and expenses. Class counsel is seeking up to $44,450 in attorneys' fees, costs, and expenses, to be paid, under

the Settlement Agreement, by North Shore. **Any such motion shall be filed by no later than December 19, 2014**.

13. Any Motion for Final Approval or other memoranda regarding the approval of the settlement or in response to objections **shall be filed by no later than December 19, 2014**.

14. A Final Fairness Hearing shall be held at **2:00 PM on Friday, January 16, 2015**, in Courtroom 10B, United States Courthouse, 601 Market Street, Philadelphia, PA 19106. This date shall be inserted into the notice.

15. The notice shall provide that Class members may respond in writing to the motion for attorneys' fees, costs, and expenses and any other briefing submitted by the parties by **January 9, 2015**, or at the Final Fairness Hearing.

*IT IS SO ORDERED.*

                      BY THE COURT:

                      S/Gene E.K. Pratter
                      GENE E.K. PRATTER
                      United States District Judge