IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE HARLAN,** | : | |
| *individually and on behalf of all* | : | |
| *others similarly situated*, | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TRANSWORLD SYSTEMS, INC., d/b/a,** | : | **No. 13-5882** |
| **NORTH SHORE AGENCY, INC.** | : | |
| *Defendant*. | : | |

## ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN PLAINTIFFS AND NORTH SHORE AGENCY, INC.

**AND NOW**, this 6th day of February, 2015, upon consideration of the Motion for Final Approval of the Class Action Settlement, for Approval of Attorneys' Fees and Costs, and Award to Representative Plaintiff (Doc. No. 32), and following a final fairness hearing, in accordance with Federal Rule of Civil Procedure 23, it is hereby **ORDERED** that the Motion (Doc. No. 32) is **GRANTED** as outlined in this Order and the accompanying Memorandum.

Based on the Court's review of the proposed Settlement Agreement Between Plaintiffs and Defendant Transworld Systems, Inc., doing business as North Shore Agency, Inc. ("North Shore"), and the entire record of this case, and having conducted a final fairness hearing on the matter, the Court determines as follows:

1.      The Court has jurisdiction over the subject matter of this action.

2.      Terms used in this Order that are defined in the Settlement Agreement, unless otherwise defined herein, have the same meanings in this Order as in the Settlement Agreement.

Case 2:13-cv-05882-GEKP   Document 36   Filed 02/06/15   Page 2 of 4

3.	The following Settlement Class, as defined in the Settlement Agreement, which was conditionally certified in the Court's Order granting preliminary approval of this settlement, is certified for settlement purposes only as follows:

> All persons with addresses in Philadelphia, Pennsylvania, who were sent an initial collection letter from [North Shore] in which the statutory 1692g validation notice was printed on the reverse of the letter, in uppercase and lowercase type, among paragraphs which were not indented or spaced, and placed along other copy that was capitalized, and the phrase "NOTICE-SEE REVERSE SIDE FOR IMPORTANT INFORMATION" in all capital letters was on the front of the letter, where the underlying debt was incurred primarily for personal, family, or household use, where the letter bears a date from October 12, 2012 to October 4, 2013.

4.	The Court finds, as discussed more thoroughly in the accompanying Memorandum, that the Settlement Class satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure. The Settlement Class is adequately defined and ascertainable. The Settlement Class is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representatives are typical of the claims of the Settlement Class, and the Class Representatives will fairly and adequately protect the interests of the Settlement Class. For purposes of this settlement, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.	Notice of the Settlement Agreement to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order granting preliminary approval of this settlement and notice of this settlement, and such Notice has been given in an adequate and sufficient manner; constitutes the best notice

practicable under the circumstances; and satisfies Federal Rules of Civil Procedure 23(c)(2)(B)

and 23(e) and due process.

6.      As was represented to the Court at the Final Fairness Hearing, North Shore has

filed notification of this settlement with the appropriate federal and state officials pursuant to the

Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

7.      As discussed more thoroughly in the accompanying Memorandum, the Court

finds that the Settlement Agreement is sufficiently fair, reasonable and adequate to the

Settlement Class pursuant to Federal Rule of Civil Procedure 23(e). Specifically, the Court finds

that the settlement meets the standard for an initial presumption of fairness. Additionally, the

Court's analysis of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and

factors set forth in *In re Prudential Insurance Co. American Sales Practice Litigation Agent*

*Actions*, 148 F.3d 283 (3d Cir. 1998), as appropriate, leads to the conclusion that the relevant

considerations weigh in favor of finding the settlement is fair, reasonable and adequate under

Federal Rule of Civil Procedure 23(e).

8.      The Settlement Agreement is finally approved pursuant to Federal Rule of Civil

Procedure 23(e) as fair, reasonable, and adequate, and the parties are directed to consummate the

Settlement Agreement in accordance with its terms.

9.      The United States District Court for the Eastern District of Pennsylvania shall

retain jurisdiction over the implementation, enforcement, and performance of this Settlement

Agreement, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or

dispute arising out of or relating to this Settlement Agreement or the applicability of this

Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and

North Shore. This Settlement Agreement shall be governed by and interpreted according to the

substantive laws of the Commonwealth of Pennsylvania without regard to its choice of law or

conflict of laws principles. North Shore shall submit to the jurisdiction in the Eastern District of

Pennsylvania only for the purposes of this Settlement Agreement and the implementation,

enforcement and performance thereof. North Shore otherwise retains all defenses to the Court's

exercise of personal jurisdiction over North Shore.

10.     Class Counsel are awarded attorneys' fees and costs in the amount of $44,450.00.

11.     The Court retains jurisdiction over the Settlement Agreement to include resolution

of any matters which may arise related to the allocation and distribution of attorneys' fees and

expenses.


BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge


4